UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TEKWAY, INC,**<br><br>   PLAINTIFF,<br><br>   v.<br><br>**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,**<br><br>   DEFENDANT. | CIVIL ACTION NO. 19-0430 (TSC) |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(1), defendant United States Citizenship and Immigration Services moves the Court to dismiss this case on grounds of lack of subject matter jurisdiction because plaintiff's claims are moot, there is no final agency action to review, and plaintiff should be required to exhaust their administrative remedies. In support of its motion, defendant submits the accompanying memorandum of law and declaration. A proposed order is also attached.

Respectfully submitted,

JESSIE K. LIU
D.C. Bar No. 472845
United States Attorney

DANIEL F. VAN HORN
D.C. Bar No. 924092
Chief, Civil Division


*/s/ Denise M. Clark*
DENISE M. CLARK
D.C. Bar No. 479149
Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W. – Civil Div.

Washington, D.C. 20530
(202) 252-6605
Denise.Clark@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TEKWAY, INC,** <br><br> PLAINTIFF, <br><br> v. <br><br> **UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,** <br><br> DEFENDANT. | CIVIL ACTION NO. 19-0430 (TSC) |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS AND IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

PRELIMINARY STATEMENT

Plaintiff has brought this case pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, seeking to set aside decisions by the United States Citizenship and Immigration Service ("USCIS"), dated November 13, 2018, denying plaintiff Tekway, Inc.'s Form I-129 petitions for H-1B visas on behalf of Manoj Kumar Koduru and Stevenson Sunchu.[1]

Plaintiff's claims are now moot, and there are no longer any final agency actions subject to review under the APA. On June 13, 2019, USCIS vacated its November 13, 2018, decisions and is preparing to issue a Request for Evidence for each petition. This will result in a different administrative record and a new decision on each of Plaintiff's Form I-129 Petitions for H-1B visas. Given that Plaintiff's claims in this case all focus on the alleged deficiencies in the November 13, 2018,

---

[1] Prior to filing this motion, Defendant asked Plaintiff if it would consent to a motion to stay the proceedings to allow Defendant to re-open the matters, issue a Request for Evidence for each petition, and issue new decisions after the receipt of that additional information. Plaintiff declined.

decisions, which Plaintiff claims failed to properly consider relevant evidence submitted by Plaintiff, these claims no longer present a live controversy for this Court to decide. There no longer exists any final agency action for this Court to review.

Therefore, the Court lacks subject matter jurisdiction over Plaintiff's claims and should dismiss their Complaint under Federal Rule of Civil Procedure 12(b)(1). Moreover, because Plaintiff will have the opportunity to provide USCIS with new, additional evidence of eligibility for approval, and the H-1B petitions remain pending before the agency with the possibility of approval, Plaintiff has an unexhausted administrative remedy available. The Court as an exercise of discretion can dismiss the Complaint on this basis as well.

Accordingly, this case should be dismissed.

## ARGUMENT

Article III "limits the judicial power to deciding 'Cases' and 'Controversies.'" In re Navy Chaplaincy, 534 F.3d 756, 759 (D.C. Cir. 2008); La. Envtl. Action Network v. Browner, 87 F.3d 1379, 1382 (D.C. Cir. 1996). Although "[a]dministrative agencies need not adjudicate only Article III cases and controversies," "federal courts must." Hydro Investors, Inc. v. FERC, 351 F.3d 1192, 1197 (D.C. Cir. 2003).

   I. Plaintiff's Claims are Moot

It is well settled that "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." Larsen v. U.S. Navy, 525 F.3d 1, 4 (D.C. Cir. 2008). As the D.C. Circuit has made clear:

> 'Even where litigation poses a live controversy when filed, the [mootness] doctrine requires a federal court to refrain from deciding it if "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future."'

Am. Bar Ass'n v. FTC, 636 F.3d 641, 645(D.C. Cir. 2011)(quoting Clarke v. United States, 915 F.2d

699, 700-01 (D.C. Cir. 1990) (en banc) (quoting Transwestern Pipeline Co. v. FERC, 897 F.2d 570, 575 (D.C. Cir. 1990)); see also Preiser v. Newkirk, 422 U.S. 395, 401 (1975).

Here the November 13, 2018, decisions that Plaintiff challenges in its Complaint have been vacated and are no longer operative. Declaration of Baxter D. Norcross ("Norcross Decl."), attached, ¶ 13. There are no decisions for this Court to review as potentially arbitrary and capricious, and no decisions for this Court to set aside.

Thus, Plaintiff's claims with respect to the November 13, 2018, USCIS decisions on Plaintiff's petitions for H-1B visas are now moot.

II.     There are no Final Agency Actions Before the Court

As noted in the Norcross Declaration, on June 13, 2019, USCIS vacated the November 13, 2018, decisions and is preparing a Request for Evidence for each petition.[2] Id. at ¶ 13. Plaintiff will be given an opportunity to submit additional evidence in support of its petitions. Id. This will result in a new administrative record for USCIS to consider in reaching a new decision on each petition. Then, a new decision will be made in the future on each of Plaintiff's petitions for an H-1B visa.

---

[2] Under 8 C.F.R. § 103.5(a)(5)(ii), USCIS is authorized to sua sponte reconsider one of its decisions. This section provides that:

> ii) Service motion with decision that may be unfavorable to affected party. When a Service officer, on his or her own motion, reopens a Service proceeding or reconsiders a Service decision, and the new decision may be unfavorable to the affected party, the officer shall give the affected party 30 days after service of the motion to submit a brief. The officer may extend the time period for good cause shown. If the affected party does not wish to submit a brief, the affected party may waive the 30–day period.

See Ravulapalli v. Napolitano, 840 F. Supp.2d 200, 205 (D.D.C. 2012) (CKK) ("Federal" regulations provide that the USCIS can, on its own motion, reconsider its previous decisions. *See* 8 C.F.R. § 103.5(a)(5) ").

The APA makes review available where there is "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704.  An agency action is considered final if two elements are met:  first, the action must "mark the consummation of the agency's decision making process" and cannot be tentative or interlocutory; and second, "the action must be one by which rights or obligations have been  determined," or from which "legal consequences will flow."  Bennett v. Spear, 520 U.S. 154, 177-78 (1997) (internal citations omitted).  An agency action that is rendered inoperative no longer constitutes final agency action.  Soundboard Ass'n v. FTC, 888 F.3d 1261, 1279 (D.C. Cir. 2018).

In Net-Inspect LLC v. USCIS,  2015 WL 880956 (W.D. Wash. 2015), the Court faced a similar circumstance in which USCIS reopened the denial of a petition for an H-1B visa and issued a Request for Evidence.  The Court concluded that given the reopening, there was no final agency action because "further decisionmaking can be expected."  Id. at * 4.  "Therefore, USCIS's initial denial does not represent the consummation of the agency's decisionmaking process regarding the petition, and the challenged agency action is non-final."  Id.  The Court dismissed the case and denied the plaintiffs' motion for summary judgment.  Id. at *8.

Plaintiff's reopened petitions for H-1B visas here similarly do not present this Court with any final agency actions for review.  Therefore, the Court should dismiss this case in its entirety not only on mootness grounds but also for lack of final agency action.

### III.     Plaintiff Should Exhaust its Administrative Remedies

Because USCIS has not yet adjudicated any new evidence of eligibility that Plaintiff can provide after it receives the two Requests for Evidence and because Plaintiff's H-1B petitions remain pending before the agency, Plaintiff has an unexhausted administrative remedy available.  The Court should also dismiss Plaintiff's First Amended Complaint for lack of subject matter jurisdiction on this ground.

Under the doctrine of exhaustion of administrative remedies, "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." McKart v. United States, 395 U.S. 185, 192 (1969) (quotation omitted). The purpose of the exhaustion requirement is to avoid premature claims and to ensure that the agency is given the opportunity to bring its expertise to bear to resolve a claim. See McGee v. United States, 402 U.S. 479, 486 (1971).

As the Court recognized in Xia v. Kerry, 73 F. Supp. 3d 33 (D.D.C. 2014), "[w]here Congress has not required exhaustion, whether to require exhaustion is within the discretion of the district court." Id. at 41. "Exhaustion is typically required because it serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." Id.

Here, Plaintiff will have an opportunity to submit additional evidence in support of its petitions, and USCIS will have an opportunity to consider this additional information in connection with PRI's petitions. It certainly would promote judicial efficiency, and allow for agency reconsideration of decisions Plaintiff claims violate the law, to require Plaintiff to exhaust its administrative remedies and receive a final decision from USCIS on each of Plaintiff's H-1B petitions.

Dismissal would be appropriate here because administrative proceedings are still pending and the factual record in this case is not yet complete.

## CONCLUSION

For the foregoing reasons, USCIS's motion to dismiss should be granted.

                    Respectfully submitted,

                    JESSIE K. LIU
                    D.C. Bar No. 472845
                    United States Attorney

                    DANIEL F. VAN HORN
                    D.C. Bar No. 924092
                    Chief, Civil Division


                    */s/ Denise M. Clark*
                    DENISE M. CLARK
                    D.C. Bar No. 479149
                    Assistant United States Attorney
                    United States Attorney's Office
                    555 4th Street, N.W. – Civil Div.
                    Washington, D.C. 20530
                    (202) 252-6605
                Denise.Clark@usdoj.gov

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **TEKWAY, INC,** | |
| **PLAINTIFF,** | |
| v. | **CIVIL ACTION NO. 19-0430 (TSC)** |
| **UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,** | |
| **DEFENDANT.** | |

## ORDER

Upon consideration of Defendant's motion to dismiss, of all the papers filed in support of and in opposition to this motion, and of the entire record, and it appearing to the Court that the granting of Defendant's motion would be just and proper, it is by the Court this ____ day of _____, 2019,

ORDERED that Defendant's motion to dismiss be, and it hereby is, granted; and it is further

ORDERED that this case be, and it is, dismissed.

_____
UNITED STATES DISTRICT JUDGE